UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

| | | |
|---|---|---|
| **GERALD BROWN** | * | CIVIL ACTION NO.  2:12-CV-674 |
| **FED. REG. #33360-013** | * | |
| | * | SECTION P |
| VS. | * | |
| | * | JUDGE MINALDI |
| | * | |
| USA | * | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is petition for writ of habeas corpus by Gerald Adrian Brown.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and he is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO).  He alleges that the sentence imposed by the United States District Court for the District of Wyoming is unconstitutional because the sentencing court increased the offense level based on a firearm enhancement and because he was sentenced beyond the limit of the jury verdict.  Doc. 1, Att. 2, p. 4.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On March 18, 2005, petitioner was indicted on multiple drug charges, all relating to the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1).  On July 1, 2005, a jury returned a guilty verdict on all counts.  On September 21, 2005, he was sentenced to 165 months imprisonment, four years of supervised release, and assessed a fine.

The sentence included a two offense level enhancement based on a finding that petitioner possessed a firearm during the course of his illegal conduct. Petitioner objected to the enhancement, claiming that he could not be sentenced for uncharged conduct. The court rejected his argument that a sentence be imposed based solely upon relevant conduct found by a jury beyond a reasonable doubt.

Petitioner appealed the judgment of conviction and sentence, which was affirmed by the Tenth Circuit Court of Appeals on January 11, 2007.

On March 17, 2008, petitioner moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court denied that motion on June 10, 2008, noting that the sentence imposed was below the applicable guidelines and further reduction would be inappropriate. On February 27, 2009, the Tenth Circuit Court of Appeals affirmed the denial. Certiorari was denied by the United States Supreme Court on October 5, 2009.

Petitioner then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on March 8, 2007. *Brown v. United States of America*, 07-cv-57 (D. Wyo.). The motion was denied on December 7, 2009. In regards to petitioner's argument regarding the sentence enhancement, the court stated that the issue was raised and resolved on direct appeal, and absent a change in the law of the circuit, he could not raise the issue in his section 2255 motion.

On June 8, 2011, petitioner filed a writ of habeas corpus with this court. That petition claimed that the sentence imposed by the district court was unconstitutional. Petitioner argued that the judge applied a weapons possession enhancement under the United States Sentencing Guidelines when the preponderance of the evidence failed to support that enhancement. On

February 24, 2012, this court dismissed the petition with prejudice. *Brown v. USA*, 2:11-cv-858 (W.D. La.), ECF Doc. 11.

On March 9, 2012, petitioner filed the instant petition writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed an amendment to the petition on April 4, 2012.

## *Law and Analysis*

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attacks his incarceration on the grounds of sentencing error. Since petitioner alleges errors with his sentence rather than the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time. Therefore, this court lacks jurisdiction to entertain the petition.

### *Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** for want of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE